UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BRYAN BRIGGS,** *et al.*, | ) ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Miscellaneous Action 23-mc-0027 (TSC) |
| **MIDFIRST,** *et al.*, | ) ) ) | |
| Respondents. | ) ) ) ) | |

## MEMORANDUM OPINION

*Pro se* Petitioner Brett Jones, also known as "Eeon," filed this miscellaneous action purportedly on behalf of Bryan "Briggs, et al, and Eeon et al," against two named Respondents and "Doe's 1-20, et al." *See* Pet. to Enforce at 3–4, ECF No. 1. For the reasons set forth below, the court will dismiss this action *sua sponte* without prejudice.

### I.   BACKGROUND

The nature of Jones's claims is unclear, and much of his filings are illegible. His Civil Cover Sheet names as Defendants "MIDFIRST, et al," "Doe's 1-20, et al," and THE FEDERAL RESERVE, et al." *See* ECF No. 1-1. His Petition to Enforce appears to assert that this action involves, among other things, a loan "agreement between the parties" and "the depositing of [a] 'collateral security' with the local Federal Reserve agent for the advancements of Federal Reserve notes to reimburse the Federal Reserve for the extension of bank credits." Pet. to Enforce at 4–5. The relief Jones seeks includes court-ordered "compliance with the provisions of the Federal Reserve Act," a

declaration of "the conversion of a promissory note to a negotiable instrument as valid and enforceable," and "penalties on the Federal Reserve." *Id*. at 18.

Jones did not provide the court with an address for the Petitioners or Respondents, but contends that "[t]his Court holds jurisdiction over the matter due to the requirement for the Federal Reserve to operate under the Federal Reserve Act and the agreement between the parties being created within the jurisdiction of this court." *Id.* at 17. Jones also asserts that because "the local Federal Reserve agent is a member bank registered as a State bank and operating under license with the Secretary of State" it has thus "waiv[ed] any rights respecting jurisdiction within the limits and and confines of the State." *Id.*

## II.     ANALYSIS

A district court "may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is patently obvious that the plaintiff could not possibly prevail based on the facts alleged in the complaint." *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C.), aff'd, 621 F. App'x 676 (D.C. Cir. 2015) (citing *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012)) (internal quotations and brackets removed). "The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the District of Columbia,* 679 F.2d 931, 933 (D.C. Cir. 1982); *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). But this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell*, 656 F. Supp. at 239 (citations omitted).

Federal Rule of Civil Procedure 8(a) requires that complaints contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted).  A plaintiff must assert enough facts to give the defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted).

Jones' petition does not meet the Rule 8 pleading standard.  His factual allegations are unclear—as is the legal theory ostensibly providing the basis for the petition.  Thus, he has not given the Respondents "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Moreover, it appears that this case may have been improperly filed as a miscellaneous case.  Miscellaneous cases include "(a) actions to perpetuate testimony as in Rule 27, Federal Rules of Civil Procedure; (b) actions to enforce administrative subpoenas and summonses; (c) proceedings ancillary to an action pending in another district; (d) supplementary proceedings brought in aid of execution; (e) motions for return of property in criminal proceedings; and (f) requests for judicial assistance." *Matter of Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 300 F. Supp. 3d 61, 69, n.4 (D.D.C. 2018) (citing Local Civil Rules ("LCvR") 40.3(a)(1) n.1, 57.10(a)(1) n.3).  Further, miscellaneous cases may "relate[] to a bankruptcy case or proceeding," *id.* (citing LCvR 403.3(c)(2)(iii)), may include a "motion or

application filed in connection with a grand jury subpoena or other matter occurring before a grand jury," *id.* (citing LCrR 6.1), and may include "[a]ny news organization or other interested person, other than a party or a subpoenaed witness, who seeks relief relating to any aspect of the proceedings in a criminal case." *Id.* (citing LCrR 57.6). Assuming that Jones intended to address a loan agreement or bank transaction, a miscellaneous action is not the proper judicial vehicle to resolve this dispute.

Finally, while Jones may appear *pro se*, he is not authorized to seek relief on behalf of other litigants. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (rejecting *pro se* party's attempt to represent other parties).

### III.   CONCLUSION

For the reasons set forth above, this court will dismiss this action *sua sponte* without prejudice.

Date:  April 6, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge